EMMA J. C. HILTS, Appellant, *v.* MINNIE H. STROH and AMERICAN BREWING COMPANY OF ROCHESTER, N. Y., Respondents.

*Partition — title — evidence insufficient to establish notice of sale — possession as notice of claim of title.*

Appeal from a judgment of the Supreme Court, entered in the Monroe county clerk's office on the 24th day of February, 1908, upon the report of a referee dismissing the complaint.

Judgment affirmed, with costs, on opinion of Nash, Referee. All concurred.

E. A. NASH, Referee: The title of the defendant Stroh rests upon the title acquired by the Shorers. The disputed question in the case is whether the Shorers were purchasers of Mrs. Treat's half of the premises without notice that Mrs. Hilts had previous to their purchase acquired the interest of Mrs. Treat. It is not claimed that the Shorers had any actual notice of the contract of August 5, 1892, or of the deed from Mrs. Treat to Mrs. Hilts made in October, 1893. Mrs. Hilts testifies that on the day of the foreclosure sale in March, 1894, after the sale, in a conversation had with the Shorers and Mr. Ludekins, she stated to them, "Remember, even though I have not it now, * * * I have a hold there yet." This is denied by Mr. Ludekins and by the Shorers. But even if it was said, it was too vague and indefinite to be regarded as any notice that she had acquired by deed the interest of Mrs. Treat in the premises. It was her duty to state definitely what her interest was. "Mere loose conversation will not warrant the inference of notice." (12 Johns.)* It is urged that the plaintiff's possession was notice to the Shorers of her rights. The Shorers were informed by the testimony of Mrs. Hilts, given in supplementary proceedings, that she was the owner of one-half of the premises, and her sister was the owner of the other half, and by the report of the receiver in the supplementary proceedings that he collected the half of the rents from the tenant which belonged to Mrs. Hilts until her half of the premises were sold on foreclosure. It appears from the testimony of Mrs. Hilts that the other half of the rents were collected for Mrs. Treat. Mrs. Hilts says: "She returned it to me, gave me the power of attorney to collect it in that way." Mrs. Hilts, in her petition for the removal of a tenant, verified November 6, 1893, stated that she was the owner of one-half of the premises and was the agent of her sister, who was the owner of the other half, and upon this trial she testifies that she was the agent of her sister, and as such made the lease to the tenant. It is shown by the notice of pendency, filed April 2, 1894, in the action brought by Jeannette S. Lampert against Mrs. Treat to foreclose the mortgage on her half of the premises, that Mrs. Hilts was made a defendant in that suit. The suit was settled by the purchase by the Shorers of Mrs. Treat's interest. The case shows that Mrs. Hilts did not make any open claim as the owner of Mrs. Treat's interest in the premises until the recording of her deed in June, after she had been removed by summary proceedings, taken by the Shorers in May under the title they had acquired by deed from Mrs. Treat. Under the circumstances, it cannot be held that the possession of Mrs. Hilts after the

---

\* *Sic.*

foreclosure sale was notice to the Shorers of the right which she now claims. It follows that the title of the defendant has not been successfully assailed by the plaintiff, and, therefore, the complaint should be dismissed.